| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>MidFirst Bank | **Order Filed on March 17, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Miguel Figueroa & Iluminida Figueroa,<br><br>Debtors. | Case No.: 16-32055-ABA<br>Adv. No.:<br>Hearing Date: 3/22/17 @10:00 a.m.<br>Judge: Andrew B. Altenburg, Jr. |

**ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 17, 2017**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
Debtor: Miguel Figueroa & Iluminida Figueroa
Case No.: 16-32055-ABA
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, MidFirst Bank, holder of a mortgage on real property located at 326 Cypress Avenue, Woodlynne, NJ 08107, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Brad J. Spiller, Esquire, attorney for Debtors, Miguel Figueroa & Iluminida Figueroa and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall obtain a loan modification by the date set forth in the loss mitigation order, or as may be extended by an extension of the loss mitigation program and/or modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to make post-petition payments in accordance with the terms of the loss mitigation order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtors are responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program and Secured Creditor does not waive its rights to collect same; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtors shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.